UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : |  |
| : |  |
| **v.** : | Case No. 21-CR-106-1 (TJK) |
| : |  |
| **JOSHUA CALVIN HUGHES,** : |  |
| : |  |
| **Defendant.** : |  |

### UNITED STATES' RESPONSE TO DEFENDANT'S
### MOTION FOR PRETRIAL RELEASE

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits this response to Defendant's Motion for Bond. (Docket Entry 13) (hereinafter Def. Motion). For the reasons set forth below, the United States agrees that Defendant should be released pending trial, with conditions.

### FACTS AND PROCEDURAL POSTURE

Defendant was charged by criminal complaint on Thursday January 28, 2021. (Docket Entry 1). Defendant turned himself in to authorities on Monday February 1, 2021. That same day, Defendant had an initial appearance and detention hearing before United States Magistrate Judge John Johnston in the United States District Court for the District of Montana. During that hearing, Defendant testified under oath regarding his actions on January 6, 2021. After hearing testimony and argument, Magistrate Judge Johnston ordered that Defendant be detained and transported to the District of Columbia.

On February 10, 2021, a federal grand jury returned an indictment charging Defendant with obstructing, impeding, or interfering with a law enforcement officer during a civil disorder, in violation of 18 U.S.C. § 231(a)(3); obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512, and 2; destruction of government property in violation of 18 U.S.C. §§ 1361, and 2;

entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); entering and remaining on the floor of Congress, in violation of 40 U.S.C. § 5104(e)(2)(C); disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).

On March 31, 2021, Defendant moved the Court for pretrial bond in this case. (Docket Entry 13). That same day, Counsel for the Defendant provided undersigned counsel with a copy of the transcript from Defendant's testimony at the detention hearing. This response follows.

## ARGUMENT

**1.      The United States' Bases for Detention**

Defendant faces a rebuttable presumption in favor of pretrial detention in this case, pursuant to 18 U.S.C. § 3142(e)(3)(C).[1] Once triggered, the presumption places a burden of production on the Defendant to present some evidence which rebuts the presumption that there are no conditions, or combination of conditions, which would ensure the safety of the community if the Defendant is released. Hearing Transcript at 43, United States v. Powell, Case No. 21-mj-197 (C.J. Howell, February 11, 2021).

**2.      The United States Concedes that Defendant has Rebutted the Presumption**

This Defendant has presented sufficient evidence to rebut the presumption in favor of detention. Specifically, Defendant, unlike his co-defendant, has no known, recent criminal history, and has no felony convictions. Moreover, unlike his co-defendant this Defendant did not

---

[1] Defendant is also eligible for detention pursuant to 18 U.S.C. § 3142(a), because Destruction of Property is a Crime of Violence. See Hearing Transcript at 74, United States v. Nordean, 21-MJ-195, (C.J. Howell March 2, 2021).

2

actively destroy property. The United States has reviewed the relevant surveillance footage from inside the Capitol, and his reviewed evidence digitally recovered from a cell phone pursuant to a search warrant, and has found no evidence of pre-planning by this Defendant. Moreover, this Defendant has clearly demonstrated remorse for his actions – most notably in his testimony in the District of Montana.

3.   **The United States' Analysis of the Bail Reform Act Factors**

As the Court is aware, there are four factors under Section 3142(g) that the Court must analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. The United States' analysis of these factors is as follows.

A.   **The Nature and Circumstances of the Offense**

The nature and circumstances of the offense weighs in favor of pretrial detention. Defendant and his co-defendant were part of a mob that overran and pushed past Capitol Police officers and climbed a stairway in order to reach the Capitol building. There, Defendant and his co-defendant were present at the "tip of the spear," where rioters – including known members of Proud Boys and Oath Keepers, broke into the Capitol building. Once the first window was broken by Dominic Pezzola, Defendant and his co-defendant joined other rioters in climbing through the window into the Capitol.

Once inside the Capitol, Defendant stopped to adjust his glasses while his co-defendant helped another rioter kick a door until the lock broke and it opened, causing substantial damage. Defendant and co-defendant then followed the mob and joined Douglas Austen Jensen who was

engaged in a confrontation with Capitol Police Officer Eugene Goodman.  Whereas Defendant's co-defendant joined Jensen in engaging Officer Goodman, Defendant did not.  Defendant did, however, join in chasing Officer Goodman up the stairs where he lured the rioters away from the Senate floor and into an adjacent atrium.

Once in the atrium, other rioters – including the co-defendant – can be seen and heard to shout at and harass Capitol police officers.  Defendant does not appear to have said anything, and stood still with both hands raised, or at his sides, during the time he was in the atrium.  A Capitol Police Officer reported that, during the altercation in the atrium, one of the rioters slammed a fire extinguisher on the ground causing it to rupture. The Officer described that it sounded like an "explosion," and – given both the sound and the white powder in the air – both the rioters and the officers were momentarily shocked. The officer reported that a number of rioters dispersed and went to other locations inside the Capitol after that incident.  Defendant and co-Defendant were among those rioters that left this area of the Capitol after the fire extinguisher incident.

Upon leaving the atrium, Defendant and co-defendant joined other rioters in entering the Senate floor – which had been evacuated by this point. Defendant was captured on video walking with his hands at his side.  Whereas co-defendant and other rioters examined the sensitive contents on Senators' desks, Defendant stayed on the stairs or the Senate floor. In a video recording from this time, Defendant can be heard admonishing another rioter that sat in in the chair reserved for the President of the Senate, telling the rioter to show some respect and get out of the seat.

### B.     The Weight of the Evidence Against the Defendant

The weight of the evidence against Defendant is overwhelming, and it weighs in favor of pretrial detention.  The evidence against Defendant comes in multiple forms, but largely consists of the Defendant having been caught on surveillance and other digital video committing the

charged crimes, as well as his testimony during the detention hearing during which he largely admitted to the charged conduct.

### C. The Defendant's History and Characteristics

This factor weighs in favor of pretrial release. Defendant has no known criminal history and also has strong ties to the area in which he resides. Although Defendant is charged with obstruction of an official proceeding and destruction of property, he is charged with those crimes under an aiding and abetting theory. This Defendant's actions inside the Capitol were largely as a follower, and he has testified under oath about his remorse for his actions.

### D. Risk of Danger to the Community

This factor weighs in favor of pretrial release. Moreover, in considering the guidance of this Court and the D.C. Circuit, Defendant's actions in the Capitol, though unlawful, do not warrant pretrial detention. See United States v. Munchel, No. 21-3010 (D.C. Cir. March 26, 2021); United States v. Chrestman, 21-mj-218 (Docket Entry 23, at 27-28).

### CONCLUSION

Considering that Defendant has rebutted the presumption in favor of pretrial detention, the United States respectfully submits that the Defendant should be released pending trial on the standard conditions, the following special conditions, and any additional conditions which the Court deems necessary to ensure the safety of the community:

1. Electronic Monitoring;
2. Home Detention with a curfew allowing Defendant to work;
3. Prohibition against leaving the District of Montana without Court approval;
4. Random Drug Testing;
5. Removal of all firearms from his residence;

        Respectfully Submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney
        D.C. Bar No. 415793

By:  */s/ James B. Nelson*
     JAMES B. NELSON
     D.C. Bar No. 1613700
     Assistant United States Attorney
     Federal Major Crimes Section
     555 4th Street, N.W.
     Washington, D.C. 20530
     (202) 252-6986
     james.nelson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, on April 5, 2021.

        By:    */s/ James B. Nelson*
                JAMES B. NELSON
                D.C. Bar No. 1613700
                Assistant United States Attorney
                Federal Major Crimes Section
                555 4th Street, N.W.
                Washington, D.C. 20530
                (202) 252-6986
                james.nelson@usdoj.gov